UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD MARTIN, | ) |
| Plaintiff(s), | ) ) ) |
| v. | ) Case No. 4:22-cv-00608-SRC ) |
| ST. LOUIS COUNTY CIRCUIT COURT, et al., | ) ) ) |
| Defendant(s). | ) ) |

**Memorandum and Order**

This matter was recently transferred to this Court from the United States District Court for the Central District of Illinois. Docs. 44, 45. Now before the Court are four motions to dismiss, which together seek the dismissal of all five named defendants. Docs. 17, 20, 29, 37. Defendants make several arguments for dismissal, but commonly assert that this case should be dismissed for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Self-represented plaintiff Donald Martin has responded to all four motions to dismiss. Docs. 24, 25, 33, 41. For the following reasons, the Court grants the motions to dismiss and dismisses the case.

**I.   Background**

Never providing a precise case citation, Martin's complaint centers on events that occurred in a state-court matter. Independent review of Missouri Case.net, the State of Missouri's online docketing system,[1] indicates that Martin is involved in a St. Louis County Circuit Court action with the named defendants. *See J&M Securities, LLC v. Martin*, No. 16SL-

---

[1] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

AC02158 (St. Louis Cty. Cir. Ct., filed Jan. 22, 2016). In that case, J&M, as assignee of Century, through J&M's attorney, Lucas Guard of Guard Law, sued Martin for breach of contract. A few months later, Martin signed a consent judgment in the case. According to the consent judgment, Martin agreed to pay J&M $15,971.40. This amount included $3,385 of principal; $12,436.40 in pre-judgment interest; and $150 in attorneys' fees. Martin also agreed to additional costs in the amount of $228.25, as well as post-judgment interest at 18% per annum.

However, on June 2, 2020, almost four years later and after Martin had not made a single voluntary payment toward the judgment amount, the state court issued a garnishment order (20-GARN-15278), authorizing garnishment of $5,934.53 from Martin's bank accounts at PNC Bank. Two months later, Martin filed a claim for exemption, arguing that his PNC accounts contain money exempt from garnishment, including social security and disability benefits. Around the same time, Martin filed a motion for hearing with the state court, stating that he was contesting the debt on the grounds that he "was not notified of [the] judgement in 2016," he "was not notified of hearing on 6-2-2020 concerning judgement and interest fees which resulted in legal hold on an account," and that he "would like reconsideration of amount owed." The state court heard and denied Martin's motion on October 7, 2020. Doc. 18-4 at p. 2.

After PNC apparently paid no money in connection with the garnishment order and filed no answers to the garnishment interrogatories, J&M served a records subpoena on PNC to investigate Martin's exemption request. Doc. 18-1 at pp. 2–4. The state court eventually granted a motion to compel PNC's response. Doc. 18-3 at pp. 2–3, Doc. 18-4 at p. 2. PNC still did not respond, so J&M filed a motion for sanctions against PNC, eventually withdrawing the motion after PNC finally responded. Doc. 18-5 at pp. 2–4, Doc. 18-6 at p. 2.

Martin then filed multiple motions with the state court.  First, Martin filed a motion for "counterclaim" seeking compensatory damages, punitive damages, travel expenses, and filing fees in the amount of $10,326.21.  Second, Martin filed a motion "for a formal in person hearing to verify identity of all persons involved."  Third, Martin filed a motion for "enforcement of disclosure," in which he asked for the "termination of agreement/eviction notice," for "evidence to support amount of principle," and for the "contract between J&M and Century Group to confirm legal right to collect a debt."  Fourth, Martin sought dismissal of the case on the grounds of "abuse of process," "legal malpractice," "unauthorized practice of the law," and "mail fraud."  Finally, Martin asked the Court to amend the docket sheet to reflect that J&M had filed a motion of garnishment without an attorney, without notification to Martin, and against a bank account that contains "SSDI" benefits.  Martin and an attorney for J&M appeared virtually before the state court for a hearing on Martin's motions.  All of Martin's motions were denied.  Martin then filed this case in the United States District Court for the Central District of Illinois.  Doc. 1.

Martin later filed an amended complaint naming five defendants:  PNC Bank, NA; the St. Louis County Circuit Court; J&M Securities, LLC; the Century Group, Inc.; and Guard Law Group, LLC.  Doc. 6.  All defendants responded with motions to dismiss.  Before ruling on those motions, the United States District Court for the Central District of Illinois found that the interests of justice required transfer of the case to this Court.  Doc. 44.

Martin's amended complaint asserts civil rights violations by the five named defendants. Doc. 6.  As to defendant St. Louis County Circuit Court, Martin claims that the court "personally" caused him injury by:  "abuse of process," "legal malpractice," "aiding and abetting in unauthorized practice of the law," "aiding and abetting in mail fraud," "aiding and abetting in defrauding of a financial institution," and "conspiracy."  *Id.* at p. 2.  As to defendant Guard Law,

3

Martin asserts these same six claims plus "malicious use of process" and "actual mail fraud." *Id.* Martin states that defendant Century is a property management company "in contract with" defendant J&M. *Id.* at p. 4. These two defendants allegedly caused injury to Martin through "abuse of process," the "unauthorized practice of the law," "mail fraud," and "attempting to defraud a financial institution. *Id.* at pp. 3–4. Finally, defendant PNC Bank allegedly injured Martin through "breach of contract," "contempt of court," the "unauthorized practice of the law," "mail fraud," and "aiding and abetting in the attempt to defraud a financial institution." *Id.* at p. 4. Martin further alleges that defendants St. Louis County Circuit Court and Guard Law have a "policy or custom" which violated his rights. *Id.* at p. 2. Martin seeks injunctive relief against this "policy or custom" which he describes as: "unprecedented and unlawful action through a lawsuit in the St. Louis County Circuit Court." *Id.*

According to Martin, these alleged civil rights violations occurred at the St. Louis County Circuit Court on "8-17-2016," "5-12-2020," and "6-2-2020," when defendants failed to protect him, conspired together to violate his rights, and participated in an "unprecedented and unlawful action." *Id.* at p. 6. As a result of defendants' actions, Martin claims that he has suffered psychological "duress" and "inconvenience of life." *Id.* He seeks $12.8 million in damages to compensate for the emotional harm, loss of enjoyment of life, and loss of income and expenses. *Id.* at pp. 6–7. Martin also seeks punitive damages. *Id.* at p. 7.

**II.    Legal Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the plaintiff to give "a short and plain statement showing that the pleader is entitled to relief . . . ." To meet this

4

standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  The Court must grant all reasonable inferences in favor of the nonmoving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).  Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff . . . ."  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation.  *Twombly*, 550 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 677–78.

**III.   Discussion**

All defendants move to dismiss, similarly arguing that Martin's complaint fails to state any cause of action.  Docs. 17, 18, 20, 21, 29, 30, 37, 38.  Martin responded to each defendant's

5

motion to dismiss, restating some of his claims and arguing in part that any failure to state a claim is "irrelevant."  Doc. 24 at p. 1; *see* Docs. 24, 25, 33, 41.

Martin brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978).  The essential elements of a constitutional claim under § 1983 are that the defendant acted under color of state law, and that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.  *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).  To that end, only state actors can be held liable under § 1983.  *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993).

In this case, the only named defendant that is a state or governmental actor is the St. Louis County Circuit Court.  However, the Eleventh Amendment immunizes state courts against suits brought under 42 U.S.C. § 1983.  *Mildfelt v. Cir. Ct. of Jackson Cnty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987); *Harris v. Mo. Ct. of Appeals, W.D.*, 787 F.2d 427, 429 (8th Cir. 1986).  Thus, Martin fails to state a § 1983 claim against the St. Louis County Circuit Court.

The remaining four defendants, Guard Law, J&M, Century, and PNC, are all private parties.  When a private party acts under color of state law, it can be held liable under § 1983.  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  However, a private party may only be held liable if it is a "willful participant in joint activity with the State or its agents."  *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (internal citation omitted).  To properly plead a claim for such a civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged,

there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss.  *See Mershon v. Beasley*, 994 F.2d 449, 451–52 (8th Cir. 1993).  The plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Id.* at 451.

Liberally construing the allegations of Martin's amended complaint, Martin asserts that the private-party defendants acted "in joint activity with the State" in a civil conspiracy to deprive Martin of his rights.  However, Martin does not allege any mutual understanding or meeting of the minds concerning unconstitutional conduct among the defendants.  The events surrounding Martin's breach-of-contract case, which resulted in a garnishment order against his bank accounts, are not enough to suggest a meeting of the minds concerning unconstitutional conduct among defendants.  Martin simply does not provide the necessary factual support to plead a conspiracy claim.  *See Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (discussing how allegations of conspiracy must be pled with sufficient specificity and factual support to suggest a meeting of the minds).

Martin's bare assertion of a conspiracy is not sufficient to state a § 1983 conspiracy claim. *See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements").  A complaint setting forth only vague, conclusory, or general allegations that the defendants engaged in a conspiracy cannot withstand a Rule 12(b)(6) motion to dismiss.  *See Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988).  Martin does not allege with "sufficient particularity" or demonstrate with "specific material facts" that the defendants reached any agreement or conspired together.  *Id.* (quoting *Chicarelli v. Plymouth Garden Apartments*, 551 F. Supp. 532, 539 (E.D. Pa. 1982)).

In addition, Martin does not explain how any allegedly wrongful conduct by defendants deprived him of a constitutionally protected federal right. Martin makes conclusory allegations of violations of abuse of process, contempt of court, unauthorized practice of law, aiding and abetting the unauthorized practice of law, mail fraud, aiding and abetting mail fraud, aiding and abetting in an attempt to defraud a financial institution, and malicious prosecution. But "violations of state laws, state-agency regulations, and more particularly, state-court orders, do not by themselves state a claim under 42 U.S.C. § 1983." *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995). Moreover, Martin does not provide factual support for any of these claims; thus, the Court does not accept the allegations as true. *Twombly*, 550 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 677–78.

Martin alleges that the garnishment order issued against his PNC accounts was fraudulently obtained by J&M and Century in an unauthorized act of the practice of law, that PNC committed mail fraud in its response to garnishment interrogatories, and that defendants attempted to defraud PNC when they tried to garnish accounts containing social security and disability benefits. But none of these accusations explains how defendants allegedly deprived Martin of a constitutionally protected federal right. In sum, Martin's amended complaint fails to allege the required elements of a § 1983 claim. The amended complaint does not sufficiently plead that defendants acted under color of state law, or in conspiracy with a state actor, to deprive Martin of any constitutionally protected federal right.

8

**IV.     Conclusion**

Accordingly, the Court grants the [17] [20] [29] [37] motions to dismiss the complaint for failure to state a claim and dismisses the complaint with prejudice. A separate order of dismissal accompanies this Memorandum and Order.

So Ordered this 8th day of June 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE